UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

VERNON EVANS

ROCHELLE BARBEE

Plaintiffs,

V.

JRL & ASSOCIATES, LLC

JAY B. SPIRT, ESQ.

Defendants.

WMN11CV 940

~~FILED~~ ~~ENTERED~~
~~LOGGED~~ ~~RECEIVED~~

APR 12 2011

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY CIVIL ACTION NO

APRIL 11, 2011

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland

Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann.

Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331

and 1367.

3. Plaintiffs are natural persons who resides in Capital Heights, MD.

4. Plaintiffs are a consumer within the FDCPA.

5. Defendants JRL & Associates, LLC is a debt collector within the FDCPA.

6. Defendant JRL & Associates, LLC is a collector within the MCDCA.

7. Defendant JRL & Associates, LLC is a domestic Limited Liability Company engaged in the business of collecting debts in the State of Maryland with a principal place of business located 3205-B Corporate Court, Ellicott City, MD 21042 and is authorized and licensed as a collection agency in the State of Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant Jay B. Spirt, Esq. is a licensed attorney in the State of Maryland and is a debt collector within the FDCPA.

9. Defendant Jay B. Spirt, Esq., principal purpose of business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendants communicated with Plaintiffs or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiffs disputed personal debt to LendMark Financial Services, Inc.

11. The Defendants contacted the Plaintiffs via separate collection letters dated February 10, 2011 in an attempt to collect a consumer debt. *See* Exhibit "1" attached.

12. The Defendant demands "immediate payment of $2,768.34 plus interest in the amount of $156.87 and attorney fees in the amount of $415.25 pursuant to your contract through the date of this letter. If full payment is not received within (30) days from the date of this letter, suit will be filed to obtain judgment against you.

13. The Defendants demand for "immediate payment" <u>within</u> 30 days of the date of the letter and threat of suit, overshadows the FDCPA's validation of Debts Clause, which provides the consumer debtor (30) days in which to dispute a debt, <u>after</u> receipt of the written collection letter, pursuant to §1692g.

14. The Defendants collection letter misstates the Validation of Debs Clause Notice, by shortening the period by 1 day.

15. The Defendants collection letter states "if you do not dispute the validity of this debt, or any portion thereof within thirty (30) days <u>from receipt of this letter</u>, we will assume the debt is valid. The FDCPA's actual language states §1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

16. The Defendants also shorten the remaining validation of debts clause provisions pursuant to §1692g (4) & (5).

17. The Defendants made false, deceptive and misleading statements in violation to §1692e.

18. The Defendant JRL & Associates, LLC does not have procedures in place to avoid the above stated errors of the FDCPA.

19. Defendant Jay B. Short a licensed attorney is not entitled to plead the defense

of Bona Fide Error, as his mistakes resulted from either intentional conduct or mistaken interpretation of the legal requirements of the FDCPA. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608, 176 L. Ed. 2d 519 (2010). The bona fide defense may only be used in circumstances where a violation results from other causes, such as a clerical or factual mistake. *Id.* at 1621.

20. Defendants over charged the Plaintiffs attorney fees.

21. Defendants through the Initial Collection Communication attempted to collect the sum of Four Hundred Fifteen Dollars ($415.25) as and for "attorney's fees" ("Attorney Fee Claim").

22. By information and belief, for an extended period of time prior to the filing of the instant action, Defendants have maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Initial Collection Communication to consumers such as MR. Evans and Ms. Barbee "pursuant to your contract" which contract is governed by Credit Grantor Closed End Credit Provision Act (CLEC).

23. Pursuant to CLEC § 12-1011. Attorney's fees; court and other collection costs.

(a) *Attorney's fees.*- If a consumer borrower defaults under the terms of a loan and the credit grantor refers the borrower's account to an attorney who is not a salaried employee of the credit grantor for collection, the credit grantor may, if the agreement, note, or other evidence of the loan permits, charge and collect from the borrower a reasonable attorney's fee.

24.  By information and belief, the Attorney Fee Claim does not represent the reasonable or actual time spent by Defendants in the preparation and transmission of the Initial Collection Communication and other documents pertaining to the consumer debt. Rather, the Defendants mass produced dunning letters such as the Initial Collection Communication in such a manner as Defendants were able to collect monies for "attorney's fees" which are not in fact incurred and which were not owed by the Plaintiffs.

25.  By information and belief, the Attorney Fee Claim represents a demand for attorney's fees which is unfair, excessive, unconscionable and contrary to the requirements established by the Maryland Lawyers' Rules of Professional Conduct.

26. With respect to the attempt by Defendants to collect the Attorney Fee Claim, as more particularly described above, the conduct of Defendants violated the FDCPA, including but not limited to:

a. the use of false representations, deceptive or misleading representations or means to collector attempt to collect a debt in violation of 15 U.S.C. 1692e, e(2) and e(10);

and

b. the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

27. In the collection efforts, the Defendants violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

28. The allegations of the First Count are repeated and realleged as if fully set forth herein.

29. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

30. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MDCDCA.

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com